IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SHAMMARA EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO.: |
| | ) | |
| CITY OF NORTH CHICAGO and | ) | |
| OFFICER RAMTIN SABET (STAR #3) | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, SHAMMARA EVANS, by and through her attorneys, NOONAN, PERILLO, POLENZANI & MARKS, LTD., and for her Complaint against the Defendants, CITY OF NORTH CHICAGO and OFFICER RAMTIN SABET, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as provided by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Upon information and belief, all parties reside in this judicial district and the events giving rise to the claims described herein all occurred within the district.

## Parties

4. Plaintiff, SHAMMARA EVANS, is a resident of Grayslake, Lake County, Illinois.

5. At the time of the occurrence described herein, Defendant, OFFICER SABET, was a North Chicago police officer acting within the scope of his employment and under color of law.

6. Defendant, CITY OF NORTH CHICAGO, is a municipal corporation incorporated under the laws of the State of Illinois that operates the North Chicago Police Department and, at all times relevant hereto, was the employer of Defendant, OFFICER SABET.

## Background/Common Allegations

7. On July 8, 2011, Plaintiff, SHAMMARA EVANS, was visiting her friend, Rachel French, who resides at 1318 Lincoln Avenue, North Chicago, Illinois (hereinafter referred to as the "subject premises").

8. Plaintiff's dog, Mama, accompanied her on her visit to the subject premises on July 8, 2011.

9. Plaintiff's dog, Mama, was a four year old American Pit Bull Terrier at the time of the incident described herein.

10. Plaintiff brought her dog to the subject premises on July 8, 2011, so she could play with the two dogs owned by Rachel French.

11. At approximately 11:45 p.m., Plaintiff, SHAMMARA EVANS, was at the subject premises when the North Chicago police arrived to execute a search warrant.

12. Defendant, OFFICER SABET, entered the subject premises and immediately discharged a shotgun at Plaintiff's dog, Mama.

13. Plaintiff's dog, Mama, was struck about her head and body and immediately killed.

14. At the time Defendant, OFFICER SABET, discharged his weapon at Mama, she was playing with the dogs of Rachel French, conducting herself peaceably and posed no threat to OFFICER SABET'S safety.

## Count One
## 42 U.S.C. § 1983
### Fourth Amendment - Excessive Force

15. Plaintiff restates and realleges each of the foregoing paragraphs of her Complaint as though fully stated herein.

16. The aforestated conduct of Defendant, OFFICER SABET, occurred while in the course of his employment with Defendant, CITY OF NORTH CHICAGO, and under color of law.

17. The aforestated conduct of Defendant, OFFICER SABET, was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

18. The aforestated conduct of the Defendant, OFFICER SABET, was undertaken with malice, wilfulness and reckless indifference to the rights of the Plaintiff.

19. The aforestated conduct of Defendant, OFFICER SABET, constituted excessive force in violation of the United States Constitution.

20. As a direct and proximate result of OFFICER SABET'S unjustified and excessive use of force, Plaintiff, SHAMMARA EVANS, suffered injuries including emotional distress, anguish, pain, suffering and the loss of her dog, Mama.

## Count Two - 42 U.S.C. § 1983
## Fourth Amendment - Illegal Seizure

21. Plaintiff restates and realleges each of the foregoing paragraphs of her Complaint as though fully stated herein.

22. The aforestated actions of Defendant, OFFICER SABET, amounted to a seizure of Plaintiff's dog, Mama.

23. The aforestated conduct of Defendant, OFFICER SABET, was objectively unreasonable and undertaken intentionally with wilful indifference to Plaintiff's constitutional rights.

24. The aforestated conduct of Defendant, OFFICER SABET, violated Plaintiff's Fourth Amendment right to be free of unreasonable seizures.

25. As a direct and proximate result of the aforestated conduct of Defendant, OFFICER SABET, Plaintiff, SHAMMARA EVANS, suffered injuries including emotional distress, anguish, pain, suffering and the loss of her dog, Mama.

## Count Three - State Law Claim
## Intentional Infliction of Emotional Distress

26. Plaintiff restates and realleges each of the foregoing paragraphs of her Complaint as though fully stated herein.

27. The aforestated conduct of Defendant, OFFICER SABET, was extreme, outrageous and done without justification.

28. Defendant, OFFICER SABET, committed the aforestated misconduct with the knowledge that his actions were likely to cause severe emotional distress to Plaintiff, SHAMMARA EVANS.

29. As a direct and proximate result of OFFICER SABET'S misconduct, Plaintiff, SHAMMARA EVANS, suffered injuries including suffered injuries including emotional distress, anguish, pain, suffering and the loss of her dog, Mama.

### Count Four - State Law Claim
### Indemnification - 745 ILCS 10/9-102

30. Plaintiff restates and realleges each of the foregoing paragraphs of her Complaint as though fully stated herein.

31. At the time of the events described herein, Defendant, OFFICER SABET, was employed by Defendant, CITY OF NORTH CHICAGO.

32. Defendant, OFFICER SABET, committed the acts described herein under color of law and within the scope of his employment with Defendant, CITY OF CHICAGO.

33. Illinois law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

### Count Five - State Law Claim
### Respondeat Superior

34. Plaintiff restates and realleges each of the foregoing paragraphs of her Complaint as though fully stated herein.

35. At the time of the conduct described herein Defendant, OFFICER SABET, was acting as an employee and/or agent of Defendant, CITY OF NORTH CHICAGO.

36. Defendant, CITY OF NORTH CHICAGO, is liable as principal for the torts committed by its employees and/or agents.

WHEREFORE, Plaintiff, SHAMMARA EVANS, respectfully requests that this Honorable Court enter judgement in her favor and against Defendants, OFFICER SABET and the CITY OF NORTH CHICAGO, and award damages in excess of $100,000.00 plus punitive damages, costs of suit, attorney's fees and for such other and further relief as this as this Honorable Court deems just and fair.

Plaintiff, SHAMMARA EVANS, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

NOONAN, PERILLO, POLENZANI & MARKS, LTD.

/s/Jason S. Marks (6275441)

Noonan, Perillo, Polenzani & Marks, Ltd.
25 North County Street
Waukegan, IL 60085
T: 847-244-0111
F: 847-244-0513